IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| ASHLEY LEMLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | U.S.D.C. Cause No.: 2:26-cv-04126-BP |
| | ) | |
| SHOW-ME CHRISTIAN YOUTH HOME and SHOW-ME CHRISTIAN YOUTH HOME FACILITIES, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

**DEFENDANT SHOW-ME CHRISTIAN YOUTH HOME FACILITIES INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Show-Me Christian Youth Home Facilities, Inc. (hereinafter, "Defendant"), by and through undersigned counsel, and for its Answer to Plaintiff's Complaint, hereby states as follows:

1. Defendant denies the allegations in Paragraph 1.

2. Defendant admits that Show-Me Christian Youth Home Facilities, Inc. is a nonprofit organization organized under the laws of Missouri and in good standing. Except as stated, Defendant denies the allegations in Paragraph 2, including subparts.

3. Defendant denies the allegations in Paragraph 3.

**ANSWER TO JURISDICTION AND VENUE**

4. Paragraph 4 is a legal conclusion which requires no response from this Defendant. Insofar as a response is required, Defendant denies the allegations in Paragraph 4.

5. Paragraph 5 is a legal conclusion which requires no response from this Defendant. Insofar as a response is required, Defendant denies the allegations in Paragraph 5.

## ANSWER TO FACTUAL ALLEGATIONS

6. Defendant denies the allegations in Paragraph 6.

7. Defendant denies the allegations in Paragraph 7.

8. Defendant denies the allegations in Paragraph 8.

9. Defendant denies the allegations in Paragraph 9.

10. Defendant denies the allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

## ANSWER TO COUNT I

25. Defendant restates and reincorporates by reference Paragraphs 1 – 24, as if fully set forth herein.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

## ANSWER TO COUNT II

31. Defendant restates and reincorporates by reference Paragraphs 1 – 30, as if fully set forth herein.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

## ANSWER TO PRAYER FOR RELIEF

Insofar as an answer from this Defendant to Plaintiff's "Prayer for Relief" is required, Defendant denies that Plaintiff is entitled to the alleged relief claimed in her Complaint.

## AFFIRMATIVE DEFENSES

A. For further Answer and Affirmative Defense, Defendant states that to the extent Plaintiff settled or will settle with various other alleged tortfeasors, Defendant is entitled to a set off in the amount of such settlement and Plaintiff's claim shall be reduced by the stipulated amount of the agreement with such tortfeasors or in the amount of the consideration paid by such tortfeasors, whichever is greater.

B. For further Answer and Affirmative Defense, Defendant states that Mo. Rev. Stat. § 490.715 applies with respect to the cost of medical care rendered to any plaintiff, such that the "actual cost of the medical care or treatment" shall be admissible at trial.

C. For further Answer and Affirmative Defense, Defendant states that Plaintiff's claim under 18 U.S.C. § 2255 fails as a matter of law, as Defendant did not knowingly obtain labor from Plaintiff by means of force, physical restraint, or threats of force and/or physical restraint in violation of 18 U.S.C. § 1589.

D. For further Answer and Affirmative Defense, Defendant states that Plaintiff's claim under 18 U.S.C. § 2255 fails as a matter of law, as Defendant did not knowingly obtain labor from Plaintiff by means of serious harm or threats of serious harm in violation of 18 U.S.C. § 1589.

E. For further Answer and Affirmative Defense, Defendant states that Plaintiff's claim under 18 U.S.C. § 2255 fails as a matter of law, as Defendant did not knowingly obtain labor from Plaintiff by means of abuse or threatened abuse of law or legal process in violation of 18 U.S.C. § 1589.

F. For further Answer and Affirmative Defense, Defendant states that Plaintiff's claim under 18 U.S.C. § 2255 fails as a matter of law, as Defendant did not knowingly obtain labor from Plaintiff by means of any scheme, plan, or pattern intended to cause the person to believe they would suffer serious harm or physical restraint in violation of 18 U.S.C. § 1589.

G. For further Answer and Affirmative Defense, Defendant states that Plaintiff's claim under 18 U.S.C. § 2255 fails as a matter of law, as Defendant did not knowingly benefit financially from participation in any venture engaged in obtaining forced labor in violation of 18 U.S.C. § 1589.

H. For further Answer and Affirmative Defense, Defendant states that Plaintiff's claim under 18 U.S.C. § 2255 fails as a matter of law, as Defendant did not knowingly affect interstate commerce by recruiting, soliciting, or otherwise coercing or causing Plaintiff to engage in commercial sex acts in violation of 18 U.S.C. § 1591.

I. For further Answer and Affirmative Defense, Defendant states that Plaintiff's claims under 18 U.S.C. § 2255 fail as a matter of law, as Defendant cannot be vicariously liable for the conduct alleged.

J. For further Answer and Affirmative Defense, Plaintiff's claims are barred by the statute of limitations.

K. For further Answer and Affirmative Defense, insofar as any of Plaintiff's claims are premised on common law causes of action, including but not limited to negligence, negligent supervision and/or negligent entrustment, said causes of action are barred by the statute of limitations.

L. For further Answer and Affirmative Defense, Defendant states that Plaintiff's negligence-based claims are not cognizable against this Defendant under federal and Missouri law.

M. For further Answer and Affirmative Defense, Defendant states that Plaintiff's claims under 18 U.S.C. § 2255 fail as a matter of law, as Defendant cannot be liable as a beneficiary for the conduct alleged.

N. For further Answer and Affirmative Defense, Defendant states that any damages recoverable are limited to those set forth in 18 U.S.C. § 2255.

O. For further Answer and Affirmative Defense, Defendant states Plaintiff's claims fail as a matter of law insofar as the alleged conduct concerns constitutionally protected religious practices and freedom, including those protected by the First Amendment and the Missouri Constitution.

P. For further Answer and Affirmative Defense, Plaintiff's Complaint and allegations violate the Establishment and Free Exercises Clauses as found in the First Amendment of the

United States Constitution, as applied through the Fourteenth Amendment of the United States Constitution, and Article I, Section 5, of the Missouri Constitution.

Q. For further Answer and Affirmative Defense, Plaintiff's Complaint and allegations are barred by the Establishment and Free Exercises Clauses as found in the First Amendment of the United States Constitution, as applied through the Fourteenth Amendment of the United States Constitution, and Article I, Section 5, of the Missouri Constitution. Plaintiff's Complaint and allegations require the Court and/or fact finder to rule on or excessively entangle itself in religious doctrine, policy and administration, including deciding how a faith-based organization should have acted and/or finding how Defendant (a faith based-organization) should have conducted its youth serving organization.

R. For further Answer and Affirmative Defense, Defendant states that Plaintiff's claims against Defendant fail as a matter of law insofar as the alleged actions of Defendant's employees were outside the course and scope of their employment with this Defendant.

S. For further Answer and Affirmative Defense, Defendant states Plaintiff's claims against Defendant are barred fail as a matter of law insofar as the sole cause of the actions alleged against Defendant was the alleged intentional and/or criminal conduct of Defendant's employee(s) which was done of their own motivation and for their own purposes, and not done in furtherance of their employment or any business interest of this Defendant, such that the alleged conduct was outside the scope of employment and not foreseeable to this Defendant.

T. For further Answer and Affirmative Defense, Defendant states that Plaintiff's Complaint fails to state any legally valid claim(s) on which relief may be granted.

U. For further Answer and Affirmative Defense, Defendant states, Defendant states that Plaintiff's claims are barred by the in loco parentis privilege.

V. For further Answer and Affirmative Defense, Defendant states that Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, laches, acquiescence, unclean hands, ratification and waiver.

W. For further Answer and Affirmative Defense, Defendant states that Plaintiff's claims are barred because 18 U.S.C §§ 1591 and 1595 are unconstitutionally vague and ambiguous as applied to this Defendant, therefore violating Defendant's constitutional rights to due process pursuant to the Fifth and Fourteenth Amendments to the United States and/or Missouri Constitution.

X. For further Answer and Affirmative Defense, Defendant states that Plaintiff's claim fails as a matter of law as Defendant did not operate or control the premises, including the employees working upon the premises at the time of the incident at issue.

**JURY DEMAND**

Defendant demands a trial by jury on all issues so triable.

WHEREFORE Defendant Show-Me Christian Youth Home Facilities, Inc., having fully answered Plaintiff's Complaint, prays this Court dismiss Plaintiff's Complaint with prejudice, and grant to Defendant its costs as well as any further relief this Court deems just and proper under the circumstances.

**WATTERS WOLF BUB HANSMANN LLC**

*/s/ Irene J. Marusic*
Irene J. Marusic, #49798MO
Patrick C. Meyer, # 69730MO
Crystal D. Lindner, #78071MO
600 Kellywood Parkway, suite 120
St. Louis, Missouri 63017
Telephone: (636) 798-0570
imarusic@wwbhlaw.com
pmeyer@wwbhlaw.com
clindner@wwbhlaw.com
***Attorneys for Defendants,***
***Show-Me Christian Youth Home &***
***Show-Me Christian Youth Home Facilities, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of August, 2026 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system to the attorneys of record in this case.

Jarrett Johnson
McGonagle Johnson, LLC
jj@mcgonaglejohnson.com
*Attorneys for Plaintiff*

*/s/ Irene J. Marusic*